**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRIAN LE HURST,** | ) | |
| **No. 473449,** | ) | |
| | ) | |
| **Petitioner,** | ) | **No. 3:17-cv-00661** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **v.** | ) | |
| | ) | |
| **WARDEN JAMES M. HOLLOWAY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

Brian Le Hurst, an inmate of the DeBerry Special Needs Facility in Nashville, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his 2010 conviction and sentence for first degree murder for which he currently is serving a term of life imprisonment in the Tennessee Department of Correction. (Doc. No. 1).

The Petitioner has filed a second motion for the appointment of counsel. (Doc. No. 19). In support of his request for the appointment of counsel, the Petitioner states that exceptional circumstances, namely his alleged mental defects and alleged lack of legal assistance, justify the appointment of counsel. (Id.)

The Respondent opposes the Petitioner's motion (Doc. No. 20) and filed the affidavit of Christina Gold in support of his opposition (Id. at Attach. 1). Christina Gold is the Inmate Jobs Coordinator at the DeBerry Special Needs Facility. She states that the facility currently has two legal aide positions and two legal helper positions. (Id.) The Respondent submits Gold's affidavit to refute the Petitioner's claim that he does not have access to legal helpers. After filing his response, the Respondent subsequently filed a motion for leave to file an amended affidavit of

1

Christina Gold (Doc. No. 21), stating that, two days after Gold submitted her affidavit, the Tennessee Department of Correction notified the Respondent's counsel that Gold wanted to amend her affidavit. (Id. at 1). Gold states in her amended affidavit that, while the DeBerry Special Needs Facility does have two inmate legal helpers as previously submitted, the two inmate legal helpers also serve as legal aides. (Id., Attach. 1). Essentially, Gold states that the two inmates serve consolidated, dual roles of inmate legal aides and legal helpers.

A court should permit the filing of an amended affidavit if the offering party demonstrates "good cause" for amendment. See Kipperman v. Onex Corp., No. 1:05-cv-1242, 2006 WL 8421931, at *1 n.1 (N.D. Ga. Sept. 15, 2006). The Court finds that the amended affidavit by Gold was submitted for the purpose of clarifying Gold's previous statements concerning how many legal helpers are available at the Petitioner's facility, and this purpose constitutes "good cause." Accordingly, the Respondent's motion to submit the amended affidavit of Christina Gold (Doc. No. 21) is hereby **GRANTED**.

The Court will now move to the Petitioner's second motion seeking the appointment of counsel. The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing Willett favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). When deciding whether

exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved.  Id. at 606.

In his second motion for the appointment of counsel, the Petitioner states that he "has a documented history of mental illness that qualifies as exceptional circumstances" warranting the appointment of counsel to assist the Petitioner in responding to the response to his habeas corpus petition.  (Doc. No. 19 at 1).   Specifically, the Petitioner alleges that the suffers from  adjustment disorder, manic depression, and anxiety disorder "which significantly affects his ability to properly assist in his own defense."  (Id.)  The Petitioner asserts that, due to his "mental defect," in 2013 he improperly filed his pro se petition for post-conviction relief.  (Id. at 2).

The Petitioner further alleges that, when he prepared the instant petition, he was assisted by inmate legal helpers but he no longer has access to inmate legal helpers.  (Id. at 2).  He states that he needs the assistance of a legal helper to prepare his reply to the Respondent's response to the Petitioner's habeas corpus petition.  (Id. at 2-3).   The Petitioner cites to two memoranda from the Tennessee Department of Correction that differentiate between legal helpers and legal aides, with legal aides being "limited in the assistance they provide inmates" and legal helpers being able to "assist inmates with the shephardizing of case law, interpret[ing] and explain[ing] legal theory and strategy, and assist[ing] in the preparation of legal briefs and petitions."  (Id. at 3, 7, 8).   According to the Petitioner, these circumstances also warrant the appointment of counsel.

 In considering the Lavado factors, with regard to the type of case and the nature of the factual and legal issues involved, the Petitioner's case is a Section 2254 petition for a writ of habeas corpus that collaterally challenges his conviction for first-degree murder.   The petition alleges

several claims, including sufficiency of the evidence and ineffective assistance of counsel. According to the Respondent, some of these claims are unexhausted. (Doc. No. 20 at 2). The Respondent has submitted the Petitioner's state court record (Doc. No. 14), and it is not atypical in its size. The factual and legal issues involved are claims that are commonly alleged in other habeas petitions that pro se litigants routinely litigate. See Flores v. Holloway, No. 3:17-cv-246, 2017 WL 2812908, at *2 (M.D. Tenn. June 29, 2017). Consequently, these Lavado factors weigh in favor of denial of the Petitioner's motion for the appointment of counsel.

With regard to the Petitioner's ability to represent himself in these proceedings, while the Petitioner alleges that his mental issues constitute exceptional circumstances, the Petitioner fails to show how his mental issues have impeded his ability to prosecute this case. The Petitioner submitted a petition that totals over 100 pages in length and includes 17 exhibits. (See Doc. No. 1). He has also filed a letter informing the court of his intent to invoke the prison mailbox rule (Doc. No. 2), a motion for the appointment of counsel in which he did not argue that he suffers from any mental defects that affect his ability to understand these proceedings and represent his interests in this case (Doc. No. 5), and a notice of intent to file a reply (Doc. No. 16). (See Doc. No. 16, 19). These filings suggest that the Petitioner is well equipped to represent himself in this case. See Flores, 2017 WL 2812908 at *2 (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case).

To be fair, the Petitioner asserts that he had the assistance of a legal helper in preparing his petition and he no longer has assistance to a legal helper because the facility only provides legal aides as of September 1, 2017. (Doc. No. 19 at 8). True, each of the Petitioner's previous filings occurred before September 1, 2017. According to the Petitioner, legal aides are "little more than

librarians for legal materials." (Id. at 3).   However, according to the amended affidavit of DeBerry Inmate Jobs Coordinator Christina Gold, the Petitioner's facility has two inmate legal aides who also serve as legal helpers.   (Doc. No. 21, Attach. 1).   According to Gold, legal helpers are unpaid positions  that assist inmates in conducting legal research and drafting legal materials whereas legal aides are paid positions that operate the law library.  (Id.)

In fact, in reviewing the TDOC memoranda submitted by the Petitioner, one of the designated inmate law library aides (Carlos Hardy) as of September 1, 2017, served as an inmate legal helper previously.  (See Doc. No. 19 at 7, 8).  And, according to Gold's amended affidavit, Carlos Hardy and Stanley Blackwood serve both as Deberry's legal aides and legal helpers.  (Doc. No. 21, Attach. 1).  Thus, contrary to the Petitioner's assertion, it appears that he has access to inmate legal assistance from Hardy and Blackwood and to the law library.  This Lavado factors also weighs against the appointment of counsel.

Accordingly, the Petitioner's second motion seeking the appointment of counsel (Doc. No. 19), therefore, is hereby **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE